NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MARY SCHAUBLE, PETITIONER, v. H. LAUER & SONS,
RESPONDENT.

For the petitioner, *Arthur C. Dunn.*

For the respondent, *Charles W. Broadhurst.*

\*      \*      \*      \*      \*      \*      \*

1. That Joseph F. Schauble, Jr., was, on the 22d day of November, 1926, in the employ of H. Lauer & Sons, the respondent, as a sheet metal worker, which employment was subject to the compensation section of chapter 95, laws of 1911, and amendments and supplements thereto, and that his wages were $18 per week.

2. That on the aforesaid date the said Joseph F. Schauble, Jr., met with an accident arising out of and in the course of his employment, resulting in his immediate death; that the employer had due notice of the injury which was not self-inflicted nor due to intoxication.

3. That the deceased was survived by the following members of his family:

(Mother) Mary Schauble, forty years; (father) Joseph Schauble, forty-one years; Charles Schauble, born July 16th, 1912; Francis Schauble, born January 25th, 1914; George Schauble, born November 25th, 1915; Anthony Schauble, born July 10th, 1917; Reinhard Schauble, born July 4th, 1919; John Schauble, born October 4th, 1922; Mary Schauble and Leona Schauble, born February 17th, 1925.

The facts show that the brother William, at the date of the death of the deceased, was over sixteen and was earning

$11 a week, so that no claim for compensation can be entertained for him. The facts further show that all of the members of the family lived together at 79 Maple street, Paterson, New Jersey, which premises were owned by the parents of the deceased, subject, however, to a mortgage for the sum of $4,200. All of the moneys received as wages by the deceased, his father and other wage earners of the family, as well as the income from the rented part of the premises owned by the parents of the deceased, were turned over to the mother, the petitioner. She made all disbursements for the family, and due to the large number in the family it was impossible for the petitioner to specify exactly the individual expenses of her deceased son, except in a general way.

Under the cases of *Conners* v. *Public Service Electric Co.*, 97 *Atl. Rep.* 792, and *Bogdoll* v. *J. P. White*, 4 *N. J. Mis. R.* 774, and under the facts in these cases, the status of the other members of the family are definitely established as partial dependents.

In the present case, the total weekly income of the family, eliminating the sum of $2.50 per week, which deceased used for himself, is $79.19.

The testimony showed that all of this money was spent for necessaries for the maintenance of the family. There were in the family at the time of the death of the deceased, twelve persons, ten of whom were in the dependency class as defined by the statute, and the fair general average shows that the cost of maintenance of the deceased was $7.50 per week, which, deducted from his weekly contribution of $15.50, leaves a balance of $8, which represents his contribution for the support of the other members of his family who were partially dependent upon him for support, which figure must be used as a basis of the calculations in determining the weekly compensation rates.

4. I do therefore find and determine that the deceased left him surviving the following, all of whom were partially dependent upon him for support, to wit:

Joseph Schauble, father; Mary Schauble, mother; Charles Schauble, brother; Francis Schauble, brother; George

Schauble, brother; Anthony Schauble, brother; Reinhard Schauble, brother; John Schauble, brother; Mary Schauble, sister; Leona Schauble, sister.

It is therefore, on this ninth day of September, 1927, ordered that judgment final be entered in favor of the petitioner, and that the respondent pay or cause to be paid to the petitioner compensation as follows:

Three hundred weeks, at $4.80, $1,440; forty-six weeks, at $4.40, $202.40; one hundred and three and three-sevenths weeks, at $4, $413.71; one hundred and sixty-nine and five-sevenths weeks, at $3.60, $610.97; one hundred and twenty-three and six-sevenths weeks, at $3.20, $306.34.

This compensation shall begin as of November 22d, 1926, the first weekly payment due November 29th, 1926. All the compensation which has become due since November 29th, 1926, shall be paid in one sum. The respondent shall also pay to the petitioner $150 on account of burial expenses and also $200 as counsel fee to petitioner's attorney.

HARRY J. GOAS,
*Deputy Commisioner.*